*Formatted for Electronic Distribution*                                                                                    *Not For Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

In re:

**PAULA MARY POWERS,**                                                                                                 **Chapter 7 Case**
           Debtor.                                                                                                        **# 05-12543**

_____

**PAULA MARY POWERS,**
           Plaintiff,

v.                                                                                                                                    **Adversary Proceeding**
                                                                                                                                       **# 05-1054**
**FINANCE AUTHORITY OF MAINE,**
           Defendant.

_____

*Appearances:*    Maryann Zavez, Esq.                                                    Jess T. Schwidde, Esq.
                          South Royalton, Vt.                                                      Rutland, Vt.
                          For the Plaintiff                                                            For the Defendant

### MEMORANDUM OF DECISION
### DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

      Plaintiff Paula Mary Powers (the "Plaintiff") initiated the instant adversary proceeding to determine the dischargeability of her student loan debts. The Plaintiff has filed a motion seeking summary judgment on the grounds that there are no genuine issues of material fact, and that she is entitled to judgment as a matter of law under the three part test enunciated by the Second Circuit in Brunner v. New York State Higher Educ. Servs. Corp., 831 F.2d 395 (2d Cir. 1987) (doc. # 42). The Court finds that the Plaintiff has failed to present competent summary judgment evidence on the fact-intensive elements of Brunner, and therefore denies the Plaintiff's motion for summary judgment.

### JURISDICTION

      The Court has jurisdiction over this adversary proceeding and the motion for summary judgment under 28 U.S.C. § 157(b)(1). It is undisputed that the adversary proceeding constitutes a core proceeding.

### SUMMARY JUDGMENT STANDARD

      Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material. See id. The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004); Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990).

## DISCUSSION

### A.    The Brunner Elements.

The Second Circuit case, Brunner v. New York State Higher Educ. Servs. Corp., 831 F.2d 395 (2d Cir. 1987), established the standard the Court must apply in this adversary proceeding. Under Brunner, in order for a debtor to have his or her student loans discharged as an undue hardship, the debtor must establish: (a) that the debtor cannot maintain, based upon his or her current income and expenses, a "minimal" standard of living if forced to repay the student loans; (b) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the loan repayment period; and (c) that the debtor has made a good faith effort to repay the student loans. Id. at 396. It is the Plaintiff's burden to prove each of the three prongs of the Brunner test. In re Lehman, 226 B.R.805, 808 (Bankr. D.Vt. 1998). The Plaintiff must prove his or her case by a preponderance of the evidence. In re Maulin, 190 B.R. 153 (Bankr. W.D.N.Y. 1995); see also Elmore v. Massachusetts Higher Educ. Assist.Corp. (In re Elmore), 230 B.R. 22, 26 (Bankr. D. Conn. 1999). If a debtor cannot satisfy each and every prong of the Brunner test, he or she is not entitled to a hardship discharge. Williams v. New York State Higher Educ. Servs. Corp. (In re Williams), 296 B.R. 298, 302 (S.D.N.Y.2003) (quoting Pennsylvania Higher Educ. Assistance Agency v. Faish (In re Faish ), 72 F.3d 298, 306 (3d Cir. 1995)); see also In re Thoms, 257 B.R.144, 148 (Bankr. S.D. N.Y. 2001); Lehman, 226 B.R. at 808. The determination of undue hardship, by nature, is case and fact-specific. See, e.g., Maulin, 190 B.R. at 156.

In her summary judgment papers, the Plaintiff has attempted to establish each element of the Brunner test without reference to competent summary judgment evidence in accordance with FED. R. CIV. P. 56. In addition to a statement of undisputed facts, the Plaintiff submitted a copy of a form used by the U.S. Department of Health & Human Services form that is entitled "End Stage Renal Disease Medical Evidence Report Medicare Entitlement and/or Patient Registration." This form is neither verified nor authenticated. The Finance Authority of Maine has disputed a number of the facts set forth in Plaintiff's statement of undisputed facts. While the Plaintiff's statement of undisputed facts makes broad-sweeping statements with respect to the Plaintiff's expectation of future medical expenses to her future employability, the unsupported statements do not constitute evidence and are not supported by the record.

2

Viewing the evidence in the light most favorable to the Finance Authority of Maine, as the nonmoving party, and drawing all inferences in its favor, the Court finds there are material disputes of fact that require a trial.

## CONCLUSION

Based upon the foregoing, the Court denies the Plaintiff's motion for summary judgment.

This constitutes the Court's findings of fact and conclusions of law.  A separate order accompanies this memorandum setting forth the Court's directions for proceeding to trial.

August 4, 2006  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge